UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE KRUEGER, for herself and for her minor daughter,<br><br>    Plaintiff,<br><br>    v.<br><br>ADVENTIST HEALTH SYSTEM/WEST, d/b/a FEATHER RIVER HEALTH CLINIC,<br><br>    Defendant. | No.  2:21-cv-01549-JAM-DMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

   I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND[1]

   On August 16, 2021, Carrie Krueger ("Plaintiff") and her minor daughter attempted to enter Adventist Health System's ("Defendant") prompt care medical clinic in Paradise, California in order to have her daughter examined and treated.  Sec. Am. Compl. ("SAC") ¶¶ 1-3, 8, ECF No. 10.  At that time, Defendant had a COVID-19 policy in effect requiring patients and visitors to wear a face covering to enter the clinic.  Mot. to Dismiss

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for May 17, 2022.

1

("Mot.") at 2-3, ECF No. 18-1; see also Ex. A to Def.'s Request for Judicial Notice ("RFJN"), ECF No. 18-3. Telehealth appointments were available for individuals who could not abide by the mask policy or who did not wish to travel to the clinic. Mot. at 3; see also Ex. B to Def.'s RFJN.

That day, Plaintiff and her daughter were not wearing masks. SAC ¶ 9. Plaintiff advised Defendant's staff that she and her daughter had medical exemptions and could not wear masks over their faces, and she showed "the written medical exemptions." Id. She further alleges one of Defendant's medical professionals had written her medical exemption. Id. Plaintiff and her daughter were denied entry for refusing to wear masks. Id.

In response, Plaintiff initiated the present lawsuit. See Compl., ECF No 1. Claiming she is a disabled individual, Plaintiff asserts two causes of action against Defendant for: (1) violation of the Americans with Disabilities Act ("ADA"); and (2) violation of California's Unruh Civil Rights Act (the "Unruh Act"). SAC at 2-3. She seeks damages and injunctive relief. Id. at 4.

Defendant now moves to dismiss both claims. See generally Mot. Plaintiff filed an opposition. See Opp'n, ECF No. 24. Defendant replied. See Reply, ECF No. 25. For the reasons set forth below, the Court grants Defendant's motion.

II. OPINION

A. Request for Judicial Notice

Defendant requests the Court take judicial notice of the following: (1) Adventist Health's Face Covering Policy in effect

2

1   when Plaintiff attempted to enter the clinic in August 2021;
2   (2) Adventist Health's Telehealth Policy; (3) the United States
3   Center for Disease Control and Prevention's ("CDC") COVID-19
4   webpage providing masking guidance; (4) Butte County's Mask
5   Policy as of March 2022; (5) the California Department of Public
6   Health's ("CDPH") July 26, 2021 Public Health Order in effect
7   when Plaintiff attempted to enter the clinic; (6) the New York
8   Times' and Google's interactive webpages on COVID-19 statistics;
9   (7) the Department of Justice's ("DOJ") June 30, 2020 Press
10  Release; (8) the CDC's webpage on the science behind masking to
11  prevent COVID-19 spread; (9) the CDPH's webpage providing masking
12  guidance; and (10) Adventist Health's current Face Covering
13  Policy for hospitals.  See Def.'s RFJN at 2-4.  Plaintiff opposes
14  the request and in particular contends Defendant's own webpage is
15  not a proper subject for judicial notice.  Opp'n at 6.
16       After carefully reviewing Defendant's request and
17  Plaintiff's opposition, the Court finds all ten exhibits to be
18  matters of public record and therefore proper subjects of
19  judicial notice.  See Lee v. City of Los Angeles, 250 F.3d 668,
20  689 (9th Cir. 2001); see also Threshold Enterprises Ltd. v.
21  Pressed Juicery, Inc., 445 F.Supp.3d 139, 146 (N.D. Cal. 2020)
22  ("In general, websites and their contents may be judicially
23  noticed.").  However, the Court takes judicial notice only of
24  their existence and declines to take judicial notice of their
25  substance, including any disputed or irrelevant facts within
26  them.  See Lee, 250 F.3d at 690.
27       B.   Legal Standard
28       Dismissal is appropriate under Rule 12(b)(6) of the Federal

3

Rules of Civil Procedure when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint and construes the pleading in the light most favorable to the plaintiff. Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

    C.    Analysis: ADA Claim

Plaintiff claims Defendant violated the ADA by prohibiting her and her daughter from entering its Paradise prompt care medical clinic when they refused to wear masks. SAC at 2-3. Defendant raises various arguments as to why Plaintiff fails to state a claim, see Mot. at 4-14, not all of which the Court needs to reach to conclude that dismissal is warranted. Defendant's leading argument - that Plaintiff fails to allege a prima facie case of disability discrimination - has merit. Id. at 5-7; see also Reply at 2-3.

4

1     To state a claim under the ADA, Plaintiff must plausibly
2 allege: (1) she is disabled within the meaning of the ADA;
3 (2) the defendant is a private entity that owns, leases, or
4 operates a place of public accommodation; and (3) she was denied
5 public accommodations by the defendant because of her disability.
6 Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603
7 F.3d 666, 670 (9th Cir. 2010); see also Hubbard v. Twin Oaks
8 Health and Rehab. Ctr., 408 F.Supp.2d 923, 929 (E.D. Cal. 2004).
9     The Court agrees with Defendant that Plaintiff's allegations
10 do not satisfy these basic requirements.  Mot. at 6.  In
11 particular, Plaintiff has not alleged what her disability is or
12 how her disability prevented her from wearing a face covering.
13 See SAC.  She offers only the conclusory allegations that she is
14 a "disabled individual" and has a "medical exemption" from
15 wearing a mask.  Id. ¶¶ 2, 9.
16    In opposition, Plaintiff contends Defendant is wasting the
17 Court's time by raising this issue because she has already agreed
18 to "fix" it and "amend her complaint to more fully define [her]
19 disability under the ADA."  Opp'n at 1, 4.  As an initial matter,
20 stating she will "fix" this issue is a concession that the
21 present allegations are insufficient.  Thus, the only question
22 that remains is whether Plaintiff should be granted the leave she
23 requests to plead her ADA disability in more detail.  See Opp'n
24 at 6 n.4.
25    Courts dismissing claims under Federal Rule of Civil
26 Procedure 12(b)(6) have discretion to permit amendment, and there
27 is a presumption in favor of granting leave to amend.  Eminence
28 Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir.

5

2003). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id. at 1052 (internal citation omitted).

If granted leave to amend, Plaintiff contends she would plead that her disability is high blood pressure which causes her "to have severe, debilitating migraines and panic like attacks" that in turn have "sent Plaintiff to the emergency room." Opp'n at 2. She further states: "[m]ajor life activities are impaired when she experience[s] these types of hypertensive migraines, as she has been confined to bed." Id.

Defendant counters that Plaintiff has already had three chances, in the original, first, and second amended complaints, to properly plead her disability. Reply at 2-3. Yet, she offers no explanation as to why she was not able to do so in the first three iterations of the complaint. Id. Perplexingly, Plaintiff's counsel admits that he has filed similar ADA cases and is thus aware of the pleading standard. Opp'n at 4; see, e.g. Warner v. Delano, Case No. 21-cv-05666-HSG, 2021 WL 5507160, at *2-3 (N.D. Cal. Nov. 24, 2021) (granting motion to dismiss in one of Plaintiff's counsel prior ADA cases and stating "Plaintiff does not explain how he meets the statutory definition . . . he simply asserts he is a 'disabled individual' who 'has a medical exemption and cannot wear a mask over his face' . . . this is insufficient . . . for the Court to conclude that Plaintiff is disabled for purposes of the ADA."). As such, Defendant argues, there is no reasonable explanation why Plaintiff needs a fourth chance to properly plead her ADA disability. Reply at 2. The

Court agrees.

Moreover, even if the Court were to grant Plaintiff leave to add allegations regarding her high blood pressure, she could not plausibly allege she is disabled within the meaning of the ADA. Reply at 2-3. Disability for purposes of the ADA is defined as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). "Major life activities" include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." Id. § 12102(2)(A). Here, as a matter of law, Plaintiff's high blood pressure does not constitute a disability within the meaning of the ADA. See Murphy v. U.S. Parcel Serv., 527 U.S. 516, 522 (1999) (holding employee was not disabled under the ADA due to high blood pressure as his high blood pressure did not substantially limit him in any major life activity). Additionally, Plaintiff fails to identify any connection between her high blood pressure and her inability to wear a mask into a hospital clinic setting during the COVID-19 pandemic. See generally Opp'n.

For all of these reasons, the Court finds that further amendment would be futile. Accordingly, Plaintiff's ADA claim is dismissed with prejudice. See Eminence Cap., LLC, 316 F.3d at 1052.

D. Unruh Claim

Plaintiff also asserts an Unruh Act claim predicated on the ADA violations. SAC ¶¶ 16-19. However, because Plaintiff fails

7

to state a claim under the ADA, the dependent Unruh Act claim must also be dismissed.  See Cullen v. Netflix, Inc., 600 F.App'x. 508, 509 (9th Cir. 2015) (holding where district court properly dismissed ADA claim, the "ADA-predicated . . . Unruh Civil Rights Act claim fail[s] as a matter of law.").  Thus, Plaintiff's Unruh Act claim is dismissed with prejudice.  See Eminence Cap., LLC, 316 F.3d at 1052.

### III.   ORDER

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss.  Both of Plaintiff's claims are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: June 6, 2022

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

8